**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**HENRY MAYA,**

            **Plaintiff,**

-vs-                                            Case No. 6:08-cv-447-Orl-31KRS

**GREEN THUMB LANDSCAPING, INC.,**

            **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT (Doc. No. 24)** |
| **FILED:** | **February 9, 2009** |

This case was brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq. In their joint motion, the parties represent that they have reached a settlement agreement and seek court approval of that agreement. In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353.

In the answers to interrogatories, Plaintiff Henry Maya stated that he was owed $21,060.00 in unpaid overtime compensation and an equal amount in liquidated damages. Doc. No. 13 at 3. Later,

he amended his answers and averred that he was owed $2,106.00 in unpaid overtime compensation and an equal amount in liquidated damages. Doc. No. 23 at 2.

Under the settlement agreement, Maya will receive $1,625.00 in compensation, less applicable withholdings, and $1,625.00 in liquidated damages. His attorneys will receive $3,000.00. doc. No. 24-2 at 3. Because the amount Maya will receive is less than the amount he claimed to be owed under the FLSA, the Court must consider whether the compromise of the amounts paid to Maya was reasonable and whether the payment to his attorneys is reasonable. If the payment to the attorneys is not reasonable, the Court must consider whether Maya's recovery might have been greater if the payment to the attorneys was reduced to a reasonable amount.

Accordingly, to determine whether this proposed settlement is reasonable, counsel for Plaintiff must disclose the extent to which Plaintiff's FLSA claims have, will, or could be compromised by deduction of attorneys' fees, costs, or expenses, whether pursuant to a contract between Plaintiff and counsel or otherwise. Plaintiff must also establish that the attorney's fee awarded to counsel constitutes a reasonable attorneys' fee under the FLSA. *See Silva v. Miller*, No. 08-12011, 2009 WL 73164 (11th Cir., Jan. 13, 2009);[1] *Zegers v. Countrywide Mortgage Ventures, LLC*, 569 F. Supp. 2d 1259 (M.D. Fla. 2008).

A plaintiff "'bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999)(quoting *Norman v. Hous. Auth.*, 836 F.2d 1292, 1303 (11th Cir. 1988)). A plaintiff may not simply aver that a particular

---

[1] The Court recognizes, as it has in the past, that the Eleventh Circuit's unpublished opinions represent persuasive authority, rather than binding precedent. *See* 11th Cir. R. 36-2 and I.O.P. 6. Although the mandate has not yet issued in the *Silva* case, the Court finds the opinion to be persuasive authority.

hourly rate is reasonable, but must offer independent evidence of the type required by *Norman* to support the reasonableness of this hourly rate in the relevant geographic area. Such evidence may include the opinion of an expert witness[2] and citation to cases in which other courts have established through an expressed lodestar analysis a reasonable hourly rate for the professional seeking fees in the relevant geographic area.

"[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman v. Hous. Auth.*, 836 F.2d at 1303. At a minimum, this requires submission of contemporaneously recorded time records showing the individual who performed the work, the description of the tasks performed, and the number of hours worked on each task–records which Plaintiff's counsel has failed to attach to the instant motion. In this regard, Plaintiff's counsel is advised that entries for drafting of boilerplate form documents and filings, non-compensable clerical work, and similar time-consuming entries will be closely scrutinized by the Court.

Accordingly, it is **ORDERED** that on or before February 27, 2009, counsel for Plaintiff shall file:

1. A sworn declaration that

    a. sets forth the calculation used to determine the precise final distribution of settlement funds among Plaintiff's compensation, liquidated damages, and

---

[2] *See, e.g., Banner Group Corp. v. United States*, Case No. 6:06-cv-706-Orl-22KRS, Doc. No. 113-10 (expert witness declaration regarding reasonable attorneys' fees).

attorneys' fees including costs/expenses, after application of any fee agreement between Plaintiff and Plaintiff's counsel; and

    b. advises the Court whether and to what extent any fee agreement, or other agreement, between Plaintiff and Plaintiff's counsel could decrease Plaintiff's recovery if the Court determines that a reasonable attorneys' fee under the FLSA is less than the amount sought by Plaintiff.

2. Evidence establishing that the attorneys' fee awarded to counsel constitutes "a reasonable attorney's fee" under the FLSA, including a true and correct copy of a contemporaneously recorded time sheet detailing the work performed by counsel and other legal professionals, the individual who performed each task (with an indication of whether the individual is an attorney, paralegal, legal assistant, etc.), the hourly rate for each individual who performed any task, and the number of hours spent on each task.

**DONE** and **ORDERED** in Orlando, Florida on February 18, 2009.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE