**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**HENRY MAYA,**

                     **Plaintiff,**

**-vs-**                                                **Case No. 6:08-cv-447-Orl-31KRS**

**GREEN THUMB LANDSCAPING, INC.,**

                       **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT (Doc. No. 24)** |
| **FILED:** | **February 9, 2009** |

**I.    PROCEDURAL HISTORY.**

      This case was brought by Plaintiff Henry Maya as a collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*. Maya was the only employee to opt-in to the case, and the case was never certified as a collective action. Maya and Defendant Green Thumb Landscaping, Inc., seek the Court's approval of their settlement.

      On February 9, 2009, the parties filed their joint motion and executed settlement agreement. Doc. Nos. 24, 24-2. The Court ordered counsel for Maya to supplement the motion with a sworn declaration concerning the distribution of settlement funds and verified time records. Doc. No. 25. Counsel for Maya, C. Ryan Morgan, Esq., filed his sworn statement on February 20, 2009. Doc. No.

26. The motion seeks approval of a settlement of $6,250.00, including attorney's fees and costs, and dismissal of the case with prejudice. Doc. No. 24 at 3-4. As the motion is unopposed, and Attorney Morgan has filed his statement containing an explanation of settlement distribution and time records, it is ripe for consideration.

## II.    APPLICABLE LAW.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353. In *Silva v. Miller*, No. 08-12011, 2009 WL 73164 (11th Cir. Jan. 13, 2009),[1] the Eleventh Circuit observed that the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" *Id.* at *1 (quoting *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946)). Therefore, in any case where a plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has compromised his claim within the meaning of *Lynn's Food Stores*.

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 2009 WL 73164, at *2. If the Court finds

---

[1] The Court recognizes, as it has in the past, that the Eleventh Circuit's unpublished opinions represent persuasive authority, rather than binding precedent. *See* 11th Cir. R. 36-2 and I.O.P. 6.

the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fee to a reasonable amount.

**III. ANALYSIS.**

*A. Settlement Recovery.*

In his answers to interrogatories, Maya averred that he was owed $5,157.00 ($945.00 in unpaid wages and vacation pay, $2,106.00 in unpaid overtime compensation, and $2,106.00 in liquidated damages).[2] Doc. No. 23 at 3. Maya has agreed to settle his claim for $6,250.00 to be disbursed as follows: $3,250.00 payable to Maya ($1,625.00 in unpaid wages less withholdings, and $1,625.00 in liquidated damages) and $3,000.00 payable to Morgan & Morgan, P.A., for attorney's fees and costs. Doc. No. 24 at 3-4; Doc. No. 26-3 at 2-3. Attorney Morgan averred that no fee agreement or other agreement will change Maya's recovery if the Court reduces the attorney's fees and costs. Doc. No. 26-2 at 3.

The parties represent that the instant action involves disputed issues, including the number of hours worked by Maya and the financial stability of Defendant, and that the settlement they reached "reflects a reasonable compromise of the disputed issues." Doc. No. 24 at 2, 3. They assert they were counseled and represented by their respective attorneys throughout the litigation and settlement process. Doc. No. 24 at 3. Their settlement agreement reflects that the agreement was freely and voluntarily entered into by the parties. Doc. No. 24-2 at 7.

---

[2] Maya originally filed answers to interrogatories stating he was owed $43,065.00, Doc. No. 13, but later amended the answers "after discovering a mathematical error" (that the correct number of unpaid overtime hours claimed per week was 1.5 instead of 15), Doc. No. 24 at 3 n.1.

Because Maya will receive less than the amount he claimed to be owed under the FLSA, he has compromised his FLSA claim. Therefore, the Court must separately consider whether the compromise of the amount paid to Maya and the payment to his attorney were reasonable.

B. *Attorney's Fees and Costs.*

The FLSA mandates that in any action brought by an employee to enforce § 206 or § 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated, "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."

The settlement agreement in this case provides for a payment of $3,000.00 to Morgan & Morgan, P.A., for fees and costs. Doc. No. 26-3 at 3. According to the time sheets attached to Morgan's sworn statement, Attorney Morgan expended 13.7 hours in this case at a rate of $300.00 per hour, and Paralegal Claudia Silva expended 10.1 hours at a rate of $95.00 per hour, totaling $5,069.50 in attorney's fees. Doc. No. 26-4.

In support of his hourly rate, Attorney Morgan cites a number of cases in which judges in this district have awarded attorney's fees between $250.00 and $300.00 per hour. These hourly rates were awarded to attorneys with far more experience than Attorney Morgan.[3] Attorney Morgan did not cite the following cases in which judges of this Court found his reasonable hourly rate in FLSA cases to

---

[3] I note that the Court in *Swisher v. The Finishing Line, Inc.*, No. 6:07-cv-1542-Orl-28UAM, 2008 WL 4330318 (M.D. Fla. Sept. 22, 2008), awarded Attorneys Richard Celler and Charles Scalise $250.00 per hour, not $300.00 per hour as stated in the motion. In that case, the Court awarded Paralegal Claudia Silva $50.00 per hour.

be between $145.00 and $165.00 per hour: *Ellison v. Sydel Legrande, M.D., P.A.*, No. 8:08-cv-845-T-33TGW, 2009 WL 465034, at *3 (M.D. Fla. Feb. 24, 2009) ($165.00 per hour for Morgan; $50.00 per hour for Silva); *Aguirre v. Abercrombie Entertainment Arts, LLC*, No. 6:08-cv-990-Orl-28GJK, 2009 WL 51269, at *4 (M.D. Fla. Jan. 7, 2009) ($150.00 per hour for Morgan); *Cruz v. Petty Transp., LLC,* No. 6:08-cv-498-Orl-22KRS, 2008 WL 5055242, at *4 (M.D. Fla. Nov. 21, 2008) ($145.00 per hour for Morgan; $50.00 per hour for Silva).

In his affidavit, Attorney Morgan cited other cases in which judges of this Court have approved an hourly rate of $300.00 for his work, and $95.00 per hour for Silva's work in FLSA cases resolved by entry of a default judgment or settlement. *See Payne v. Snowbirds Inn, LLC*, Case No. 8:08-cv-1175-T-23MAP, Doc. No. 15 (Oct. 1, 2008); *Brown v. Compass Rose Foundation, Inc.*, Case No. 2:08-cv-413-FtM-99DNF, Doc. Nos. 21, 23 (August 2008).[4]

After review of these cases, and in light of the early errors in calculation of damages in this case, I find that $165.00 per hour is a reasonable hourly rate for Attorney Morgan, and $50.00 is a reasonable hourly rate for Paralegal Silva in the absence of objection.

The hours worked by Attorney Morgan are reasonable in the absence of objection. A review of the time sheets reflects that many hours that Paralegal Silva worked were on clerical tasks that are not compensable time. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) ("Of course, purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."). For example, entries dated May 6, 2008 (.3), July 29, 2008 (.3), and January 21, 2009 (.3), involve

---

[4] Attorney Morgan also cited *Badia v. Morena Food Corp.*, Case No. 6:08-cv-499-Orl-19DAB, Doc. No. 27 (Sept. 29, 2008), and *Jacobs v. Fore Property Company*, Case No. 6:08-cv-597-Orl-28DAB, Doc. No. 18 (Oct. 22, 2008). In those cases, the Court found that the agreed amount of attorney's fees to be paid were not unreasonable under the circumstances of the case.

preparation of transmittal letters, and entries dated March 21, 2008 (1.0), April 15, 2008 (.4), June 19, 2008 (.4), July 9, 2008 (.3), and February 4, 2009 (.4), involve preparation and filing of standard form pleadings and other administrative work. Doc. No. 26-4. Therefore, the reasonable attorney's fees are $2,260.50 for Attorney Morgan (13.7 hours x $165.00) and $335.00 for Paralegal Silva (6.7 hours x $50.00). According to the cost ledger, taxable costs in the amount of $490.00 were incurred in this case.[5] Doc. No. 26-5. Attorney's fees and costs, therefore, total $3,085.50.

Attorney Morgan agreed to reduce the claim for attorney's fees and costs to $3,000.00 "in order for Maya to receive his fair compensation and to resolve this matter." Doc. No. 26-2 at 3. Because the agreed amount is less than the reasonable attorney's fees and costs, I find that the payment of attorney's fees did not improperly influence the amount Maya will receive under the settlement agreement.

C.     *Fairness Finding*.

The considerations that favored settlement described in the motion are sufficient to find the settlement agreement reasonable, particularly because both parties were advised by counsel and voluntarily agreed to the settlement. Therefore, I find that settlement is a fair resolution of this case.

The Court need not approve the other provisions of the settlement agreement. I note that the settlement agreement contains terms that this Court would not approve, such as the confidentiality agreement, which is partially unenforceable in light of the public filing of the settlement agreement.

---

[5] A review of the cost ledger reflects that while costs for the filing fee of $350.00 and service of process fee of $140.00 are properly awarded under 28 U.S.C. § 1920, costs for long distance calls and postage are not recoverable, and Morgan offered no evidence to support an award of costs for photocopies or travel expenses. *See Perrin v. John B. Webb & Assoc.*, No. 604CV399ORLKRS, 2005 WL 2465022, at *5 (M.D. Fla. Oct. 6, 2005); *Scelta v. Delicatessen Support Serv., Inc.*, 203 F. Supp. 2d 1328, 1339-41 (M.D. Fla. 2002).

*See* Doc. 26-3 at 3-4. Accordingly, I recommend that the Court not approve the settlement agreement as a whole or reserve jurisdiction to enforce it.

## IV. RECOMMENDATION.

Based on the foregoing, I respectfully recommend that the Court do the following:

1. **FIND** that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354;

2. **ORDER** C. Ryan Morgan, Esq., and Morgan & Morgan, P.A. to allocate any funds recovered from Defendant first to Maya until he receives the agreed $3,250.00 and only thereafter to attorney's fees and costs;

3. **PROHIBIT** counsel for Maya from withholding any portion of the $3,250.00 payable to Maya under the settlement agreement;

4. **ORDER** counsel for Maya to provide a copy of the Court's Order to Maya;

5. **DISMISS** the case with prejudice without reserving jurisdiction to enforce the settlement agreement; and

6. **DIRECT** the Clerk of Court to close the file after an order of dismissal is entered.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 11, 2009.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy