# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HENRY MAYA,**

          **Plaintiff,**

**-vs-**                                                  **Case No. 6:08-cv-447-Orl-31KRS**

**GREEN THUMB LANDSCAPING, INC.,**

          **Defendant.**
_____

## ORDER

This matter came before the Court without oral argument upon consideration of the parties' Joint Motion to Approve Settlement (Doc. 24), Magistrate Judge Spaulding's Report and Recommendation regarding same (the "Report and Recommendation") (Doc. 27), and Plaintiff's, Henry Maya ("Plaintiff"), Objection in response to the Report and Recommendation (Doc. 28).

### I. Overview

This cases involves a settlement of an action brought under the Fair Labor Standards Act ("FLSA"). *See* 29 U.S.C. § 201 *et seq*. As with perhaps most FLSA suits, the parties in the instant case reached a settlement. Pursuant to the authority of *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) [hereinafter "*Lynn's Food*"], the parties necessarily sought the Court's approval of their settlement.

In her Report and Recommendation, Judge Spaulding found that the parties' settlement, which allocated $3,250.00 to Plaintiff and $3,000.00 to Plaintiff's counsel for attorneys' fees and costs, was a "fair and reasonable resolution of a bona fide dispute over FLSA provisions" (Doc. 27

at 7, quoting *Lynn's Food*, 679 F.2d at 1354). Notwithstanding this finding, however, Judge Spaulding recommended that the Court enter an Order requiring Plaintiff's counsel "to allocate any funds recovered from Defendant *first* to [Plaintiff] until he receives the agreed $3,250.00 and only thereafter to attorney's fees and costs" (Doc. 27 at 7) (emphasis added).

In his Objection, Plaintiff notes that Defendant, subsequent to agreeing to the form of the settlement agreement, requested that payment be made in installments over a three month period (Doc. 28 at 1). Because Judge Spaulding's Report and Recommendation would require Plaintiff's counsel to be paid only at the end of the installment period, Plaintiff objects and contends that both he and his counsel "should be paid the same proportionate amount each month until the settlement is fully paid" (Doc. 28 at 2).

As best as the Court can determine, whether attorneys' fees and costs must be paid only after an FLSA plaintiff has been paid all of his settlement proceeds is a question of first impression. As discussed further, *infra*, the Court concludes that the FLSA does not require counsel to subordinate the payment of his fees and costs to his client's recovery where the Court has determined that the overall recovery provided to the plaintiff is fair and the amount of fees and costs awarded to the plaintiff's counsel is reasonable.

**II. Analysis**

To settle an FLSA dispute, the parties' settlement must either be supervised by the Department of Labor or entered by the court as a stipulated judgment only after the court has scrutinized the settlement for fairness. *Lynn's Food*, 679 F.2d at 1353. Furthermore, because the FLSA provides for the recovery of attorneys' fees and costs, *see* 29 U.S.C. § 216(b), when a settlement includes an amount to be used to pay attorneys' fees and costs, the "FLSA requires

judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers." *Silva v. Miller*, No. 08-12011, 2009 WL 73164 (11th Cir. Jan. 13, 2009).[1] Accordingly, where both parties are represented by competent counsel who are engaged in a bona fide adversarial proceeding, the terms of the settlement and amount of recovery to the plaintiff are fair, and the fees and costs awarded to the plaintiff's counsel are reasonable, courts will normally approve the parties' settlement.

Here, Judge Spaulding determined both the fairness of the award to the Plaintiff and the reasonableness of Plaintiff's attorneys' fees and costs. As noted, *supra*, Plaintiff is to be awarded 52% of the total recovery in this case (or $3,250.00) and Plaintiff's counsel is to be awarded 48% of the total recovery for his fees and costs (or $3,000.00). Apparently concerned, however, that Defendant would make only a partial payment or that the parties would agree to an installment plan, Judge Spaulding recommended that Plaintiff receive his full recovery prior to his counsel's recovery of fees and costs.

Neither *Lynn's Food* nor the *Silva* case directly addresses the subordination of fees and costs awarded to plaintiff's counsel in FLSA settlements. While it is clear that the parties to an FLSA settlement must obtain court approval for their settlement and that plaintiff's counsel is typically entitled to a reasonable award for fees and costs, nothing in the FLSA, *Lynn's Food* or

---

[1] As an unpublished opinion, the Court recognizes, as did Judge Spaulding in her Report and Recommendation, that *Silva v. Miller* is only persuasive authority within the Eleventh Circuit. 11th Cir. R. 36-2 and *I.O.P.*-6.

*Silva* requires a plaintiff to receive his full recovery prior to his counsel's recovery of fees and costs.

As a matter of public policy, if a settlement is deemed fair and the amount of attorneys' fees and costs are found to be reasonable, both the plaintiff and his counsel are vested with an entitlement. This entitlement would likely not exist and would not have been approved by the court without the professional services provided by plaintiff's counsel. Thus, it seems incongruous to interpret the FLSA as requiring plaintiff's counsel to forego part, if not all, of his recovery for fees and costs so that the plaintiff can reap the entire benefit of his counsel's effort without any remuneration therefor.

Accordingly, so long as the plaintiff agrees to accept installment payments and the payments are allocated in the same proportion as the total amount of the approved recovery (here, 52% to Plaintiff and 48% to Plaintiff's counsel), then the purposes of the FLSA are satisfied and counsel will have an incentive to vigorously represent his client. To do otherwise would undermine the "competent counsel" component of the fairness analysis and thwart the settlement process.

### III. Conclusion

For the foregoing reasons, the Court **ADOPTS in part** Magistrate Judge Spaulding's Report and Recommendation (Doc. 27), except paragraph two thereof, and sustains Plaintiff's objection (Doc. 28). Accordingly, it is **ORDERED** and **ADJUDGED** that:

1. In accordance with *Lynn's Food*, the Court finds that the parties' settlement is a fair and reasonable resolution of a bona fide FLSA dispute;

2. The parties' Joint Motion to Approve Settlement (Doc. 24) is **GRANTED**;

3. Plaintiff's counsel shall not withhold any portion of the $3,250.00 payable to Plaintiff under the settlement agreement. However, the parties may enter into an installment plan for the payment of the total recovery in this case, provided that Plaintiff agrees that each installment payment may be allocated to Plaintiff and Plaintiff's counsel in proportion to their share of the total recovery in this case (i.e., 52% and 48%, respectively);

4. Plaintiff's counsel shall provide Plaintiff with a copy of this Order; and

5. This case is hereby **DISMISSED** with prejudice and the Clerk of the Court is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 1, 2009.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE